BYRNES, Judge
By this appeal, Tressie Moses seeks reversal of a judgment ordering her to vacate *1275 the apartment she leased from the Housing Authority of New Orleans, (HANO). The eviction was based on allegations that Moses had breached her lease by failing to properly supervise her four year old son, who set the apartment on fire playing with matches. Moses denied these allegations.
At trial, HANO relied exclusively on the testimony of Chief Earl B. Gorrondona of the New Orleans Fire Department to establish that appellant’s son had started the fire. Chief Gorrondona testified that when he arrived at the scene appellant was distraught and was telling neighbors that her son had accidently set the fire playing with matches or a cigarette lighter. He further testified that when he interviewed appellant separately she again stated that her four year old son had started the fire. Chief Gorrondona also spoke to the child, who admitted that he had set the fire. In connection with this testimony HANO introduced copies of the Incident Reports prepared by the Chief. These reports listed the cause of the fire as a child playing with matches.
The appellant took the stand and denied ever seeing or speaking to Chief Gorrondo-na. She also stated that her children had been taken to a neighbor’s house before the fireman arrived and that they had never spoken to Chief Gorrondona. This neighbor was not present at trial and did not testify. Appellant also denied ever telling anyone that her child had started the fire and professed ignorance of its cause. Finally, appellant testified concerning the way she disciplined her children and her general standards for their behavior. Appellant’s sister and another relative also testified that appellant carefully supervised her children.
L.R. Dupre, the manager of the project in which appellant lived, testified concerning HANO’s standard policy of evicting any tennant whose children cause a fire in the dwelling and outlined the procedure he followed in preparing his report which recommended eviction. As part of this testimony, the lease was introduced into evidence. Mr. Dupre testified that his recommendation to evict was based on the Fire Department’s Incident Report which con-eluded that the fire was started by appellant’s son. HANO claimed that this violated Section 6-D of the lease which provides among other things that the tennant must:
... properly supervise and control children at all times, particularly with respect to their playing with matches or other combustibles constituting a fire hazzard.
The trial court ultimately agreed and ordered the eviction.
Appellant takes issue with the trial court’s conclusion that HANO had proven a violation of her lease sufficient to warrant eviction. She claims that HANO did not prove that her children were improperly supervised. We do not agree.
The trial court obviously did not believe appellant’s testimony concerning how she supervised her children and concluded on the basis of the Fire Department’s report that her son started the fire. Properly supervised children do not start fires nor do they have access to matches. The trial court’s rejection of appellant’s claim that she did not allow her children near matches was based on his evaluation of her credibility. We will not disturb this evaluation absent manifest error. Finding no such error we affirm the court’s rulings. Costs of this appeal are to be divided equally by the parties.
AFFIRMED.